IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VONEKA NETTLES,   Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION 16-00575-KD-C |
| UTILITIES BOARD, CITY OF DAPHNE, AL,   Defendant. | ) ) ) | |

**ORDER**

This matter is before the Court on Defendant's motion to strike jury demand (Docs. 4, 5) and Plaintiff's response in opposition (Doc. 10).

On November 18, 2016, Plaintiff Voneka Nettles (Nettles) initiated this action against Defendant Utilities Board, City of Daphne, Alabama (Daphne Utilities) – her former employer -- alleging discrimination and retaliation in violation of her rights under Title VII of the *Civil Rights Act of 1964,* 42 U.S.C. § 1981 and 1983, and under the *Americans with Disabilities Act* (ADA). (Doc. 1). In so doing, Plaintiff requests a trial by jury.

Defendant moves to strike Plaintiff's jury demand on the grounds that she previously waived her right to a jury trial. In support, Defendant submits two (2) Acknowledgement and Waiver of Right to Trial by Jury documents executed by Plaintiff on November 23, 2010 and on January 2, 2014,[1] as part of her employment agreement with Defendant. Specifically, these waivers are part of an acknowledgment of receipt of Defendant's employee handbooks from 2010 and 2014. The pages signed by Plaintiff contain the Defendant's logo and are entitled "Acknowledgement and Waiver of Right to Trial By Jury." These waivers, attached to the affidavit of Danny Lyndall, General Manager for Defendant (Doc. 4 at 3-4 (Aff. Lyndall)), state:

I UNDERSTAND THAT UNDER FEDERAL AND STATE LAW I MAY HAVE A

---

[1] Signed by Plaintiff "under protest due to my pending lawsuit." (Doc. 4 at 6).

RIGHT TO TRIAL BY JURY IN THE EVENT OF A DISPUTE BETWEEN MYSELF AND DAPHNE UTILITIES. HOWEVER, I ACKNOWLEDGE AND AGREE THAT IN THE EVENT I SEEK THE INVOLVEMENT OF A COURT OF LAW, I EXPRESSLY WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY. INSTEAD, I AGREE THAT IF I PURSUE LEGAL ACTION IN A COURT OF COMPETENT JURISDICTION, ANY AND ALL MATTERS RELATED TO MY EMPLOYMENT WILL BE RESOLVED BY A JUDGE.

(Doc. 4 at 5-6 (Aff. Lyndall Exs)). Defendant adds that Plaintiff:

…had the choice as to whether or not to sign the waiver in exchange for continued employment with Daphne Utilities. She chose to sign the waiver and waive her right to a jury trial. There is no evidence tending to show that the waiver was unconscionable, contrary to public policy or simply unfair. The claims asserted against Daphne Utilities in this case are related to the Plaintiff's employment. The jury trial waiver applies to the causes of action brought by Plaintiff Voneka Nettles such that the trial of this matter should proceed as a bench trial. Moreover, the same jury trial waiver at issue in this case has been upheld as to Ms. Nettles in an earlier case she filed against Daphne Utilities. *See Nettles, et al v. Daphne Utilities,* 2014 WL 3845072 (S.D. Ala. Aug. 5, 2014). Likewise, this Court has recently upheld the same jury trial waiver provision in another pending matter. *See Deloris Brown v. Daphne Utilities*, CV-1:16-00093-KD-M, Doc. 17….

In response, Plaintiff asserts that: 1) the 2014 waiver superseded the prior 2010 waiver (like an amended complaint supersedes a prior complaint); and 2) the 2014 waiver was clearly signed "under protest" one month after Plaintiff initiated a salary discrimination case against the Defendant in this Court (CV 13-00605), such that her signature was not voluntary:

> *Voneka Q. Nettles*    7/2/14
>                                                         Date
> *Voneka Q. Nettles*
> Signature
>
> Please Print Your Name
>
> *I'm signing this under protest due to my pending lawsuit.*

"The right of trial by jury as declared by the Seventh Amendment to the Constitution… is preserved to the parties inviolate." Fed.R.Civ.P Rule 38(a). However, a civil litigant may

2

validly waive her right to a jury trial *so long as the waiver is knowing and voluntary*, and such waivers are routinely deemed enforceable.  Bakrac, Inc. v. Villager Franchise Systems, Inc., 164 Fed. Appx. 820, 823 (11th Cir. 2006).  "[C]ourts [also] consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable."  Id.  A set number of factors do not have to be met, as the Court determines whether "in light of all of the circumstances….the waiver…[is]…unconscionable, contrary to public policy, or simply unfair."  Brown v. Board, 2016 WL 4870541, *2 (S.D. Ala. Aug. 22, 2016).

At the outset, a review of the 2010 and 2014 waivers reveals that the 2010 Handbook specifically states that it replaces prior versions: "[t[his Handbook replaces all previous handbooks and supersedes all earlier oral and written materials about Company policies and procedures…" (Doc. 4 at 5 (Aff. Lyndall Ex.)).  While  the same language is not present in the waiver page in the Defendant's 2014 Handbook, it does state that "this Handbook represents...current policies and benefits…"  (Doc. 4 at 6 (Aff. Lyndall Ex.)).  And Tyndall's affidavit explains that the 2014 Handbook is "a new employee handbook" through which "all employees executed" a waiver of jury trial.   (Id. at 3 (Aff. Lyndall)).  The 2014 Handbook waiver thus appears to replace any prior waivers.

Defendant asserts that "the same jury trial waiver at issue in this case has been upheld as to Ms. Nettles in an earlier case she filed against Daphne Utilities[] *See Nettles, et al v. Daphne Utilities,* 2014 WL 3845072 (S.D. Ala. Aug. 5, 2014)."  However, in that case, it was the 2010 jury trial waiver provision signed by Nettles that was litigated and upheld.  Here, Plaintiff executed the 2014 jury waiver "under protest," something she did not do in 2010.  This raises the question of whether her waiver was voluntary.  Plaintiff asserts:

3

> …. [she] actually stated on the fact of the waiver form that she was signing the waiver "under protest due to my pending lawsuit." … Plaintiff is being required to sign a jury waiver form that does not specifically exclude her present EEOC Charge or Title VII lawsuit from coverage, and she specifically states that she is signing under protest, and therefore, her signature is clearly not voluntarily. The fundamental nature of a due process right to a jury trial demands that it be protected from an unknowing and involuntary waiver. The standard that is universally applied to prevent overreaching and to protect against unequal bargaining positions requires that the trial court determine whether the waiver was knowingly and voluntarily or intelligently made….
>
> Here, Plaintiff was directed to sign the waiver form during a period in which she had just filed her first federal lawsuit, and she affirmatively stated that she was signing under protest. There was nothing voluntary about her signature on the waiver form. Although there is no definite test to determine whether a waiver of a jury trial was knowingly and voluntarily made, it is clear from these facts that Plaintiff's signature was anything but voluntary. She did not want to sign, and made that fact very clear in her notation on the waiver form…

(Doc. 10 at 1-2). Additionally, in the other case, Plaintiff did not challenge the validity and enforceability of her waiver, something she appears to do here via reference to "overreaching" and protection from "unequal bargaining positions."

Plaintiff does not dispute that her jury trial waiver was "knowing." Additionally, the parties do not dispute the conspicuousness of the waiver and the Court finds that it is conspicuous. See, e.g., PNC Bank, N.A. v. Cedar Creek of East Ala., L.L.C., 2016 WL 3227053, *4 (N.D. Ala. Jun. 13, 2016) (footnote omitted) ("the repeated inclusion of a jury trial waiver as part of the contracts presented, for the most part, [] in a non-buried format means" that the signees "knowingly consented to that requirement"….See, e.g., Oglesbee v. IndyMac Fin. Servs., Inc., 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009) ("The waiver is not buried in the middle of a lengthy paragraph without distinction, but is set off as its own paragraph and conspicuously labeled 'Jury Trial Waiver[]'"). Moreover, Plaintiff does not contend that she is an unsophisticated party.[2]

---

[2] The Court notes that Plaintiff was an Accounts Receivable Clerk in the Accounting Department for the Defendant, where she worked for 9 years (August 2005-August 2014). (Doc. 1 at 2).

Rather, Plaintiff's argument is rooted in the contention that she did not execute the waiver voluntarily because she signed it under protest. Plaintiff has provided no case law to the Court establishing that signing under protest renders a waiver non-voluntary. Additionally, as to the purported involuntary nature of the waiver, Plaintiff infers that unequal bargaining positions existed between she and Defendant --- i.e., that Plaintiff (an individual) believed that she had to sign the waiver or would be terminated from employment (by the corporation). While Plaintiff makes this inference, she does not provide support for same. As specified in Brown, 2016 WL 4870541, *3:

> ….'[A] term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services.' *Collins v. Countrywide Home Loans,* 680 F.Supp.2d 1287, 1295 (M.D. Fla. 2010). (citing to *Milsap v. Cornerstone Residential Management, Inc.,* 2007 WL 965590 (S.D. Fla. March 28, 2007)) (a single mother with two small children in need of housing could have walked away from an apartment lease containing a jury trial waiver if she found the lease terms unacceptable). Additionally, '[t]he mere fact that an employee signs an employment agreement containing a jury trial waiver in a 'take it or leave it' situation does not make the waiver unenforceable or unconscionable.' *Winiarski v. Brown & Brown, Inc*., 2008 WL 1930484 (M.D. Fla. May 1, 2008). Assuming termination would have resulted if Plaintiff did not sign the waiver in the present action, Plaintiff still had the option to walk away from her employ if she found the terms of the waiver unacceptable. Further, there are no facts to suggest a lack of bargaining power or inability to negotiate terms in the instant case because Plaintiff has not asserted that she was not given a chance to negotiate the terms of the waiver or that she attempted to negotiate the terms and was unsuccessful. Rather, the facts suggest that Plaintiff did not seek to negotiate the terms, which is insufficient to invalidate the waiver. *See Stevens v. Wyndham Vacation Ownership, Inc.,* 2015 WL 1932285 (M.D. Florida April 28, 2015) (citing to *See Parris v. Wyndham Vacation Resorts, Inc.,* 2013 WL 1296231 (D. Haw. Mar. 28, 2013)) (declining to find that a waiver provision was not negotiable when the record evidence indicated only that the plaintiff had failed to negotiate)….

Even assuming termination if Plaintiff refused to sign the waiver (which she has not established), the outcome would be the same. In sum, she reluctantly agreed to a term of employment, but nevertheless she voluntarily agreed. As to signing "under protest due to my pending lawsuit", this certainly signals Plaintiff's disagreement with this term of employment,

but again she still knowingly signed it.  Moreover, this particular "protest" appears to relate solely to giving up her right to a jury in her previous lawsuit.

Given the foregoing, the Court cannot conclude that Plaintiff's waiver is unconscionable, contrary to public policy, or unfair.  The waiver was conspicuous, there is no evidence that Plaintiff was under duress, and Plaintiff was not unsophisticated.  As such, under existing precedent, the Court must conclude that Plaintiff knowingly and voluntarily waived her right to a jury trial.  Thus, it is **ORDERED** that the Defendant's motion to strike jury demand (Docs. 4, 5) is **GRANTED** such that the jury demand is **STRICKEN** from Plaintiff's Complaint (Doc. 1) and this matter will be set for a **non-jury trial.**

**DONE** and **ORDERED** this **3rd** day of **February 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**